## PLANTERS & MERCHANTS BANK v. THE STATE.

1. A citation issued to a bank, in a proceeding by information, in the nature of a *quo warranto*, on the 21st February, 1843, commanding it to appear at a special term of the court, to be held on Monday, the 28th instant, (the only remaining Monday in the month being the 27th instant,) and the record recites, that a judgment was rendered by default, vacating the charter of the bank, on Monday the 29th of February—Held, that the judgment could not be sustained.

Error to the Circuit Court of Mobile.

THIS was an information in the nature of a *quo warranto*, instituted by the direction of the Governor, in virtue of an act of the Legislature passed 13th February, 1843, to inquire whether the charter of the bank was not forfeited, in consequence of the refusal of the bank to redeem its bills, and obligations, according to the promise therein expressed, on demand.

The information was filed by Percy Walker, Esq., solicitor of the 6th judicial circuit, on the 21st February, 1843, and thereupon the court made an order, that the bank appear, and answer the information, at a special term of the court, to be be held on Monday, the 28th instant, at 4 o'clock, P. M.   The summons was executed on the President of the bank.

The record then recites, that at a special term of the circuit court of Mobile, held on Monday, the 29th of February,

83

the State appeared by the solicitor, and the bank failing to appear and plead, or answer the information, a judgment of forfeiture was pronounced against the bank, and its charter annulled. From this judgment the bank now prosecutes this writ.

J. A. CAMPBELL, for plaintiff in error.

1. The entry of judgment was not perfected till January, 1847, a writ of error is not too late.

2. The court was not held at the return of the process. The court being a special one, if not held at that time could not be held at all. A new appointment was necessary.— [8 Porter, 125 ; Harding v. Merrick, 3 Ala. R. 60 ; Cullum v. Casey & Co. 1 Ala. Rep. 351 ; Ulmer v. Austill, 9 Porter, 157.]

3. The *quo warranto* in this case was filed Tuesday, 21st February, 1843—Tuesday following was the 28th February. The return day was the 28th, designating Monday as that day. The court was held on Monday, the 29th. When a writ is made returnable at an uncertain place, the return is void. [Wragg v. Branch Bank, 8 Porter, 195.] So when the time is uncertain, or not conformable to law. [3 Stew. 331.]

The objection in this case does not extend merely to the process. It goes to the appointment of the special term. Was the defendant required to appear Monday the 27th, at 4 P. M., or Tueseay, the 28th, at 4 P. M.? Which shall we reject, the day of the week, or the day of the month? On what principle shall the rejection be made ?

4. The record does not contain the facts on which the judgment is founded. The proceeding is in the nature of an inquisition. The object of the act of 13th February, 1843, (Acts, 70,) was "to ascertain judicially," certain facts which it was supposed had occasioned a forfeiture of the charter of the bank. A provision is made for a notice to the bank and for a trial. The proviso to the first section of the act shows that the judgment by default was still to be followed by inquiry. The facts contained in the information should have been supported by proof. This case falls within the principle of the cases, Curry v. Bank of Mobile,

8 Porter, 361, and those involving the same principle decided in this court.

5. The order of the judge does not contain any acknowledgement that evidence had been submitted to him, that the Governor had required the suit to be brought, or that his authority to hold a special term had been called into action by his authority.

6. The information is wholly insufficient to sustain the proceeding. It does not disclose what bills or obligations payment was refused to—nor by whom presentment was made—nor their title to such bills and obligations. This is one of the cases in which so general a form of pleading is disallowed. [The People v. Manhattan Co. 9 Wend. 351; The Commonwealth v. Union Ins. Co. 5 Mass. 230.] This point is fully considered in the case first cited, and the authorities are collected in that opinion.

This shows the propriety of the argument made on the act. The cause of forfeiture is composed of a multiplicity of facts. A single case of failure of payment is not a ground of forfeiture. The ascertainment of these causes of forfeiture is imposed upon the courts. The conclusion of the court, from the evidence, should be stated on the record.

No counsel appeared for the State.

ORMOND, J.—It is quite too clear for argument, that there was no authority in the court to render a judgment by default against the defendant, but at the time it was cited to appear. Two objections are made—First that the time at which the special term was to be held for the trial of the cause, and to which the bank was cited to appear, was wholly uncertain.

The order was made on the 21st February, 1843, which was Tuesday, directing the special term to be held on Monday, the 28th February, instant, and this was the language of the summons issued, and served on the bank. When the term of a court is fixed by law, a mistake in the writ of the time when the court is to be held, will be unimportant, as the language of the writ is, that the defendant be summoned to appear at the next term of the court after the teste

of the writ, and that being ascertained by law, the mistake cannot mislead. But in this case, it was the order of the judge, made on the 21st day of the month, which gave the defendant information of the time when the cause would be heard. There was but one remaining Monday in the month of February after the order was made, which was the 27th day of the month; but the bank was cited to appear on the 28th. The time when the court would be held, was wholly uncertain, unless a citation to appear on one of two specific days, was sufficient notice of the time when the special term of the court was to be held. In Caskey v. The State, 6 Ala. R. 193, which was a proceeding before the judge of the county court to vacate the bond of a sheriff, unless he gave new sureties, a citation requiring the sheriff to appear within fifteen days from the date of the citation was held insufficient, because no precise day was set for the adjudication of the matter. That appears to be in principle the same as this case, as there is no sensible distinction between a citation to appear within a certain number of days, or on one of two days—both are uncertain.

But in addition to this objection, the judgment it appears from the record, was rendered by default, because the defendant did not appear on the 29th of February. It is true, it is stated it was on *Monday*, the 29th of February; but if it was conceded that a judgment rendered on Monday, the 27th of February, would be sufficient under an order appointing a special term to be held on Monday, the 28th of February, and a citation to the defendant in accordance with it, by what authority can we reject the statement in the record of the day of the month when the judgment was rendered, and adopt the more uncertain designation of the day of the week, which would equally apply to any Monday of the month? Upon the whole, we feel constrained to say, that there is no sufficient authority shown upon this record, for the rendition of a judgment by default. This renders it unnecessary to consider the other points made in the cause.

Judgment reversed.